UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 5: 19-085-DCR |
| ) | and |
| V. ) | Civil Action No. 5: 20-398-DCR |
| ) | |
| JEFFERY L. BARNETT, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

*** *** *** ***

Defendant Jeffery Barnett has filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Barnett claims that he is entitled to relief under *Rehaif v. United States*, 139 S. Ct. 2191 (2019). [Record No. 34] But on initial review it is clear that Barnett is not entitled to relief. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rule 4 of the *Rules Governing Section 2255 Proceedings*; *see also* 28 U.S.C. § 2255(b) (permitting dismissal of a § 2255 motion when "the files and records of the case conclusively show that the prisoner is entitled to no relief"). Summary dismissal of the relief requested is appropriate here as explained more fully below.

**I.**

Barnett pleaded guilty on June 10, 2019, to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). [Record No. 21, 22] He also pleaded guilty to a drug

offense that is not the subject of the current motion. [*Id.*] Barnett was sentenced to 300 months' of imprisonment on October 8, 2019. [Record No. 30]

Barnett's plea agreement stated that he would plead guilty to knowingly possessing a firearm and ammunition after having been convicted of a felony offense. [Record No. 22] He admitted the following facts in the plea agreement:

> d) . . . Inside the storage unit, Agents found approximately nineteen (19) firearms. In addition, more than two-thousand (2000) rounds of ammunition were found in the storage unit. . . . The Defendant was interviewed and . . . admitted to selling firearms and possessing the other firearms found in the storage unit.
> e) The Defendant has previously been convicted of at least one drug trafficking felony and is therefore is [sic] prohibited from possessing firearms.
> . . .
> f) On or about February 11, 2010, the Defendant was convicted . . . of Trafficking in a Controlled Substance First Degree, which he committed on September 29, 2009. On or about June 21, 2012, the Defendant was convicted. . . of Trafficking in a Controlled Substance, First Degree which he committed on June 30, 2011. As to each offense, the Defendant was sentenced to and served a term of imprisonment of more than 12 months on each offense. The Defendant was released from prison on both of the above sentences on or about January 29, 2016.

[Record No. 22, p. 3] Barnett waived his right to appeal the guilty plea, conviction, and sentence, and further waived his right to collaterally attack the same, excepting claims of ineffective assistance of counsel.[1] [Record No. 22, p. 6]

Barnett has now moved to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. [Record No. 34] He alleges that his guilty plea failed to advise him that "knowledge

---

[1] Barnett has raised no claim of deficient representation. Nor, for the reasons explained below, has he properly alleged that his plea was not made knowingly or voluntarily. As such, his motion is procedurally barred. Nevertheless, his claim fails on the merits for the reasons stated in this opinion.

of his prohibited status" was an element of a 18 U.S.C. § 922(g) offense under the Supreme Court's decision in *Rehaif v. United States*. [*Id.* at p. 3] As such, he contends that his plea is void because it was not "knowingly and intelligently made." [*Id.*]

## II.

A prisoner in federal custody may "move the court which imposed the sentence to vacate, set aside or correct the sentence" by alleging that "the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). A defendant must allege "an error of constitutional magnitude, a sentence imposed outside the statutory limits, or an error of fact or law that was so fundamental as to render the entire proceeding invalid" to prevail on a 28 U.S.C. § 2255 challenge. *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003). "Relief is warranted only where a petitioner has shown 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Miller v. United States,* 561 F. App'x 485, 490 (6th Cir. 2014) (citing *Davis v. United States*, 417 U.S. 333, 346 (1974)). *Rehaif* did not recognize a "new rule of constitutional law" for purposes of bringing a timely §2255 petition, *Khamisi-El v. United States*, 800 Fed. App'x 344, 349 (6th Cir. 2020), but a guilty plea violates due process if not entered voluntarily and intelligently. *See Henderson v. Morgan*, 426 U.S. 637, 644-45 (1976).

Barnett contends that *Rehaif* provides him relief because he was not aware of an element of his offense.

> Before *Rehaif*, the government could obtain a felon-in-possession conviction without proving that the defendant knew he had previously been convicted of a felony. But in *Rehaif*, the Supreme Court clarified that the term "knowingly" in the felon-in-possession statute applied to both the defendant's possession of a firearm and the defendant's status as a felon.

- 3 -

*Khamisi-El v. United States*, 800 F. App'x 344, 349 (6th Cir. 2020) (citations omitted). Thus, a conviction requires proof that the defendant both knowingly possessed a firearm and knew of his status as a felon. *Rehaif*, 139 S. Ct. 2191, 2194 (2019).

However, courts following the decision in *Rehaif* have declined to vacate a criminal defendant's sentence upon plea of guilty, reasoning that a guilty plea "comprehend[s] all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." *United States v. Broce*, 488 U.S. 563, 569 (1989); *see, e.g., United States v. Bain*, No. CR 5: 18-029-KKC-MAS, 2020 WL 406682, at *2 (E.D. Ky. Jan. 7, 2020), *report and recommendation adopted*, No. CR 5: 18-29-KKC-MAS-2, 2020 WL 406385 (E.D. Ky. Jan. 24, 2020); *Malone v. United States*, No. 1:14CR438, 2019 WL 7049805, at *3 (N.D. Ohio Dec. 23, 2019). And the undersigned has reached the same conclusion. *See United States v. Kelley*, 2020 WL 3520276, at *2 (E.D. Ky. June 29, 2020).

Barnett's plea agreement is no exception. He admitted to being in possession of a number of firearms after being convicted of a felony offense. He acknowledged that, due to the prior felony conviction, he "therefore [wa]s prohibited from possessing firearms." [Record No. 22, p. 3] Because Barnett "admitted to the status of being a convicted felon" and presumably "knew his status when he possessed the [firearms] in question," he has no valid claim to relief under *Rehaif*. *United States v. McComb*, No. 3:16-CR-098, 2020 WL 3410355, at *1 (S.D. Ohio June 22, 2020) (noting that a defendant's claim "that he did not know that possessing a firearm by a convicted felon was illegal" would properly be understood as "a claim of ignorance of the law, which is not a defense").

Barnett further acknowledged that he understood the agreement, that it was fully explained to him, and that he entered it voluntarily. [*Id.* at p. 8] Thus, Barnett knew both that he possessed firearms and that he was a felon, and he is not entitled to relief. *See United States v. Hall*, 2020 WL 1285118, at *3 (E.D. Ky. Mar. 18, 2020).

Finally, Barnett's reliance on *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020), is misplaced. There, the Fourth Circuit applied *Rehaif* to a conviction on direct appeal and concluded that failure to inform a defendant of the "additional element of the offense" under *Rehaif* is "plain error . . . which *per se* affect[s] a defendant's substantive rights," and renders a guilty plea void. *Gary*, 954 F.3d 194 at 199. Even if the Court were bound by this conclusion, it would not entitle Barnett to relief because he is collaterally attacking his conviction. *See McComb*, 2020 WL 3410355, at *2; *United States v. Fugate*, No. 3:09-CR-165, 2020 WL 3469269, at *3 (S.D. Ohio June 25, 2020), *report and recommendation adopted*, No. 3:00-CR-78, 2020 WL 5408945 (S.D. Ohio Sept. 9, 2020). And it has "long been settled law that an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." *United States v. Addonizio*, 442 U.S. 178, 184–85 (1979); *see also United States v. Frady*, 456 U.S. 152, 165 (1982) (the "plain-error standard is inappropriate" for collateral attacks on convictions). Barnett failed to appeal his conviction,[2] and he has presented no argument that would entitle him to relief on the present collateral attack.

---

[2] This fact highlights yet another procedural issue with Barnett's motion. He repeatedly claims that his plea agreement was "unconstitutional" and "void[]" under *Rehaif* because he allegedly was not aware of one of the elements of the offense. [Record No. 34, pp. 3-4] But "the voluntariness and intelligence of a guilty plea can be attacked on collateral

### III.

The Court will not grant a Certificate of Appealability. *See* 28 U.S.C. § 2253(c)(1)(B); Rule 11 of the *Rules Governing Section 2255 Proceedings*. A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). A defendant/movant satisfies this burden by showing that reasonable jurists would find the Court's conclusions debatable, or that the issues involved were adequate to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A certificate of appealability is not warranted in this matter. Barnett's claim that he was not aware of his status as a felon is contradicted by the plea agreement and his motion also is procedurally barred. He is not entitled to relief under *Rehaif*, and reasonable jurists would not reach a different conclusion.

Accordingly, it is hereby

**ORDERED** as follows:

1. Defendant/Movant Jeffery L. Barnett's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [Record No. 34] is **DENIED**. His claims are **DISMISSED**, with prejudice, and this collateral proceeding will be **STRICKEN** from the Court's docket.

2. A Certificate of Appealability will not issue.

---

review only if first challenged on direct review." *Bousley v. United States*, 523 U.S. 614, 618 (1998). And Barnett has not argued that one of the exceptions to this rule applies. *See United States v. Wilson*, No. 1:17-CR-60, 2019 WL 6606340, at *6 (W.D. Mich. Dec. 5, 2019) (refusing to grant relief for *Rehaif* arguments that were not raised on appeal).

Dated: September 29, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky